IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALONZO McCULLOUGH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CASE NO. 1:13-CV-208-TMH |
| | ) | |
| GENEVA COUNTY JAIL, | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Alonzo McCullough["McCullough"], a former county inmate, challenges the conditions of confinement to which he was subjected during an approximate three-week term of confinement at the Geneva County Jail during February of 2013.  McCullough names the Geneva County Jail as the sole defendant.

Upon review of the complaint, the court concludes that this case is subject to summary dismissal pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

A county jail is not a legal entity subject to suit or liability under section 1983.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  In light of the foregoing, the plaintiff's claims against the Geneva County Jail are due to be  dismissed as frivolous in

---

[1] The court granted McCullough leave to proceed *in forma pauperis*.  *Order of April 4, 2013 - Doc. No.3*.  A prisoner who is allowed to proceed *in forma pauperis* will have her complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that a claim in the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who  is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  *Id*.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that **on or before May 1, 2013**, the parties may file objections to this Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit

handed down prior to the close of business on September 30, 1981.

Done this 17th day of April, 2013.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE